# UNITED STATES DISTRICT COURT

for the

Eastern District of Wisconsin ▾

_____ Division

**26 -C- 1 1 9 2**

Sa'Aire Salton

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

_____

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

-v-

Milwaukee County Human & Health Services, Child,
Youth & Family Services (CYFS)

_____

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names.)*

Case No. _____

*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☐ Yes ☐ No

U.S. District Court
Wisconsin Eastern

**JUL 07 2026**

FILED
Clerk of Court

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I.    **The Parties to This Complaint**

    A.    **The Plaintiff(s)**

        Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Sa'Aire Salton |
| Street Address | 7305 W. Marine Drive |
| City and County | Milwaukee, WI |
| State and Zip Code | 53223 |
| Telephone Number | 414-202-1412 |
| E-mail Address | ssaltonclinicalservices@gmail.com |

    B.    **The Defendant(s)**

        Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Milwaukee County Human & Health Services |
| Job or Title *(if known)* | |
| Street Address | 901 9th st Room 303 |
| City and County | Milwaukee |
| State and Zip Code | WI |
| Telephone Number | 414-278-4300 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | Milwaukee County Human & Health Services (CYFS) |
| Job or Title *(if known)* | Children, Youth and Family Services |
| Street Address | 10201 W. Watertown Plank Rd |
| City and County | Wauwatosa |
| State and Zip Code | WI 53226 |
| Telephone Number | (414) 257-7715 or (414) 289-6799 |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Case 2:26-cv-01192-NJ    Filed 07/07/26    Page 2 of 12    Document 1

## C. Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Milwaukee County Human & Health Services (CYFS) |
| Street Address | 10201 W. Watertown Plank Rd, |
| City and County | Wauwatosa |
| State and Zip Code | WI 53226 |
| Telephone Number | 414-289-6897 |

## II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☑ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☑ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Other federal law *(specify the federal law)*:

☐ Relevant state law *(specify, if known)*:

☐ Relevant city or county law *(specify, if known)*:

Page 3 of 6

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐    Failure to hire me.

☑    Termination of my employment.

☐    Failure to promote me.

☑    Failure to accommodate my disability.

☑    Unequal terms and conditions of my employment.

☑    Retaliation.

☐    Other acts *(specify)*: _____

*(Note:  Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.    It is my best recollection that the alleged discriminatory acts occurred on date(s)

Specific _____

C.    I believe that defendant(s) *(check one)*:

☑    is/are still committing these acts against me.

☐    is/are not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

☐    race    _____

☐    color    _____

☐    gender/sex    _____

☐    religion    _____

☐    national origin    _____

☐    age *(year of birth)* _____    *(only when asserting a claim of age discrimination.)*

☐    disability or perceived disability *(specify disability)*

_____

E.    The facts of my case are as follows. Attach additional pages if needed.

**See attached**

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.   Exhaustion of Federal Administrative Remedies

A.      It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

Due to the Government Shutdown My ability to file a charge was January 8th 2026 - see attached

B.      The Equal Employment Opportunity Commission *(check one)*:

☐      has not issued a Notice of Right to Sue letter.

☑      issued a Notice of Right to Sue letter, which I received on *(date)*   April 8th 2026      .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.      Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐      60 days or more have elapsed.

☐      less than 60 days have elapsed.

## V.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

See Attached

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:           July 7th 2026

Signature of Plaintiff

Printed Name of Plaintiff      Sa'Aire Salton

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

## STATEMENT OF FACTS

**Plaintiff:** Sa'Aire Salton

**Defendant:** Milwaukee County Human & Health Services, Child, Youth & Family Services (CYFS)

### Introduction

I, Sa'Aire Salton, submit this statement regarding the retaliation, harassment, discrimination, procedural misconduct, and wrongful termination I experienced while employed by Milwaukee County Human & Health Services, Child, Youth & Family Services (CYFS).

This complaint concerns the actions of Ryan Ayala (Supervisor), Regina Whiyee (Deputy Director), and Kelly Pethke (Administrator). I believe their actions and omissions violated federal and state employment laws and resulted in retaliation for protected activity, creation of a hostile work environment, denial of procedural protections, and ultimately my termination.

### Protected Activity and Initial Complaints

Prior to filing a complaint with Human Resources, I repeatedly attempted to address workplace concerns directly with my supervisor, Ryan Ayala.

My concerns included:

- Deficiencies in the delivery of clinical services;
- Poor communication practices;
- Workplace conflicts involving coworker Kesha Smith;
- Inadequate onboarding and training;
- Lack of clarity regarding my job duties and responsibilities;
- Concerns impacting the quality of care being provided to detained youth.

Despite multiple efforts to discuss these concerns, meaningful resolution was not achieved.

On or about August 26–29, 2025, after a final meeting with Mr. Ayala regarding these concerns, the workplace environment became increasingly hostile and uncomfortable.

During discussions with coworker Kesha Smith, she disclosed information regarding her personal and professional relationship with Ryan Ayala and informed me that she regularly communicated with Deputy Director Regina Whiyee outside of work hours regarding concerns about Mr. Ayala's management style. Ms. Smith represented that she received significant personal support from Ms. Whiyee.

These disclosures heightened my concerns regarding favoritism, workplace dynamics, and my ability to obtain fair treatment.

**Attempt to Seek Assistance from Deputy Director Regina Whiyee**

Because Regina Whiyee repeatedly communicated that she maintained an "open-door policy," I sought guidance from her regarding workplace issues, onboarding concerns, communication breakdowns, and ways to improve working relationships within the department.

I sent Ms. Whiyee the following Teams message:

"Hi Good Afternoon Mrs. Whiyee. Could I schedule a time to speak with you? I am very new here & I'm trying to navigate the waters & the culture here respectfully. I'd like to get some advice on how to best address some concerns regarding my experience so far. I have tried to talk to my supervisor about some things but seeing how that went, I'm not too comfortable with discussing some other job related issues. I'd greatly appreciate any advice and feedback. I am more than grateful for this new opportunity, so my goal is to be successful in this role & not let you down. Thanks in advance for any consideration to this request."

Although Ms. Whiyee acknowledged that my onboarding experience should have been more productive and fair, her proposed solution was to relocate me to a cubicle near her office and Mr. Ayala's office and provide what she described as a "reset."

Following this meeting, my interactions with Mr. Ayala, Ms. Whiyee, and Ms. Smith became increasingly uncomfortable, hostile, and unprofessional.

**Human Resources Complaint**

On September 11, 2025, I filed a formal complaint with Human Resources.

The complaint specifically identified Ryan Ayala and Regina Whiyee and raised concerns regarding:

- Discriminatory treatment;
- Retaliation;
- Inappropriate sexualized insinuations;
- Harassment;
- Unprofessional conduct;
- Workplace hostility.

The filing of this complaint constituted protected activity under applicable employment laws.

**September 11, 2025 Discipline**

On September 11, 2025, the same day I filed my complaint, I was subjected to disciplinary action by Ryan Ayala.

Earlier that day, I attended a Clinical Consultation meeting. Following that meeting, Mr. Ayala instructed me to return at 1:00 p.m. for supervision.

Before that meeting, I was assigned urgent work involving midpoint surveys for two youth scheduled for discharge on September 12, 2025. I completed those assignments as directed.

When I arrived shortly after 1:00 p.m., I apologized for the delay and explained that I had been completing the assigned tasks. Mr. Ayala acknowledged my explanation and stated, "No worries."

However, rather than conducting supervision, Mr. Ayala informed me that I was being sent home because my shirt was allegedly inappropriate.

My attire consisted of:

- An oversized Lucky Charms T-shirt;

- Denim-colored cargo pants;

- Lucky Charms-themed Crocs;

- A green-and-white cardigan;

- A four-leaf clover pendant.

The shirt contained the Lucky Charms logo and the phrase "Magically Delicious," displayed alongside a rainbow and four-leaf clover.

Mr. Ayala stated:

"We are both adults and we both know that it has a double meaning."

He further asserted that the phrase carried a sexual insinuation.

Mr. Ayala additionally stated:

"Yesterday a YDO said your pants were too tight."

I found these comments inappropriate, humiliating, and concerning. They caused me to believe my appearance was being scrutinized and monitored differently than similarly situated employees.

I was sent home without pay and lost approximately two hours of compensation despite being absent for roughly one hour.

**Human Resources Response and Investigation**

The Human Resources response to my complaint was significantly delayed.

Approximately two weeks passed before I received meaningful communication regarding the matter, and additional time elapsed before an investigation was conducted.

During the investigation, Administrator Kelly Pethke acknowledged that she had informed Regina Whiyee about my complaint.

Despite my complaint specifically naming Ryan Ayala and Regina Whiyee, I was repeatedly directed to continue meeting privately with them throughout the investigative process.

Because of the nature of my allegations, I requested:

- Human Resources representation at meetings;
- A neutral witness to attend meetings;
- Permission to record meetings for accuracy and accountability purposes.

These requests were denied.

I possess documentation reflecting both my requests and the denials.

As a result, I was required to meet alone with individuals against whom I had filed complaints. This created an intimidating environment and interfered with my ability to engage safely in protected activity.

Ultimately, Kelly Pethke concluded the investigation by stating that she did not believe Ryan Ayala had done anything wrong. At the same time, she stated that she did not believe I had done anything wrong either.

No meaningful corrective action was taken.

**Termination**

On October 16, 2025, I was terminated from employment without warning.

Prior to termination:

- No written discipline was issued;
- No progressive disciplinary process occurred;
- No performance improvement plan was implemented;
- No meaningful effort was made to preserve my employment.

The timing of my termination closely followed my complaints to management and Human Resources.

I believe my termination was retaliatory and directly connected to my protected complaints regarding workplace conduct, discrimination, and harassment.

**Impact on Youth and Clinical Services**

At the time of my termination, I was assigned to provide therapeutic services to numerous detained youth living with significant and persistent mental health conditions.

My termination abruptly interrupted ongoing therapeutic relationships and continuity of care.

To my knowledge:

- Youth were not provided adequate notice;
- No appropriate transition planning occurred;
- No therapeutic discharge process was completed.

Removing a mental health provider from vulnerable children without appropriate transition procedures creates significant risks of emotional and psychological harm.

My concerns regarding patient welfare, staffing deficiencies, and continuity of care were repeatedly raised during my employment but were not adequately addressed.

**Damages**

As a result of Defendants' actions, I suffered:

- Loss of employment;
- Loss of wages and benefits;
- Emotional distress;
- Damage to my professional reputation;
- Career disruption;
- Mental anguish and humiliation.

I further believe that the conduct described above undermined the quality of care provided to vulnerable youth and created risks to client welfare.

**Conclusion**

I respectfully contend that Milwaukee County Human & Health Services, CYFS, through its agents Ryan Ayala, Regina Whiyee, and Kelly Pethke, engaged in unlawful retaliation, harassment, discriminatory treatment, procedural misconduct, and wrongful termination following my protected complaints. I seek accountability, appropriate damages, and any other relief the Court deems just and proper.

**Respectfully submitted,**

Sa'Aire Salton LPC, CSAC, DPICC, ICS, CFS